IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT SPRAGUE, on behalf of himself and similarly situated employees, | : : : : |
| Plaintiff, | CIVIL ACTION NO.  1:18-cv-165 |
| | JUDGE |
| v. | MAGISTRATE JUDGE |
| UNIVERSAL TRANSPORTATION SYSTEMS LLC (d/b/a "UTS") | **JURY TRIAL DEMANDED** |
| and | |
| QUALITY TRANSPORTATION SERVICES LLC, | |
| Defendants. | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff Robert Sprague ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendants Universal Transportations Systems LLC (d/b/a "UTS") ("Defendant Universal" or "Universal") and Quality Transportation Services LLC ("Defendant Quality" or "Quality") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts").  Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his Ohio Acts claims are asserted as class actions under Federal Rule of Civil Procedure 23.  See Swigart v. Fifth Third Bank, 288 F.R.D. 177, 182 (S.D. Ohio 2012) (FLSA collective actions and

Rule 23 class actions may proceed together in same lawsuit).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the Ohio Acts claims is proper pursuant to 28 U.S.C. § 1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, Defendant has done substantial business in the Southern District of Ohio, and Defendants have their headquarters located in the Southern District of Ohio.

## PARTIES

4. Plaintiff, Robert Sprague, is an individual, a United States Citizen, residing in Middletown, Ohio (Butler County).

5. Plaintiff, at all times relevant herein, is an employee covered by the FLSA and the Ohio Acts.

6. Defendant Universal Transportation Systems LLC (d/b/a "UTS") ("Universal") is an Ohio limited liability company headquartered in Fairfield, Ohio (Butler County). Universal may be served through its Registered Agent Todd J. Flagel, of Flagel & Papakirk, at 50 E. Business Way, Suite 410, Cincinnati, Ohio 45241.

7. Defendant Quality Transportation Services LLC ("Quality") is an Ohio limited liability company headquartered in Hamilton, Ohio (Butler County). Quality may be served through its Registered Agent Scott Hughes at 717 E. Pearl Street. Miamisburg, Ohio 45342.

8. At all times relevant herein, Defendants have each been an "employer" as that term is defined in the FLSA and the Ohio Acts.

9. Upon information and belief, Defendants jointly set and controlled the payroll practices for their employees, and Defendants were joint employers of Plaintiff and the other Drivers.

**FACTS**

10. Defendants provide transportation services throughout Ohio, including, but not limited in Butler, Hamilton, Warren, Montgomery, Clinton, Clermont, Franklin, Fairfield, and Preble Counties.

11. During the past three years, Defendants have jointly employed hundreds of individuals as drivers, including Plaintiff, who are paid on an hourly basis and whose primary duty is transporting Defendants' customers from location to location throughout Ohio. These individuals shall be referred to herein as "Drivers."

12. Plaintiff was employed by Defendants as a Driver from approximately February 2016 until approximately December 2017.[1]

13. Drivers typically pick up multiple customers in a day and are paid for the time they spend transporting the individual customer from location to location.

14. However, Defendants fail to pay Plaintiff and other Drivers for all the time elapsed between customer visits.

15. For example, if Plaintiff was scheduled to drop off Customer One at 10:00 a.m. and arrive to pick up Customer Two at 11:00 a.m., Plaintiff would not be compensated for this entire one-hour period.

---

[1] Plaintiff has not worked since September 2017 due to a work-place injury.

3

16. Because Plaintiff and other Drivers often are credited with working 40 or more hours per week, much of the uncredited time described in paragraphs 12-14 above would be compensable at their "time and one-half" overtime premium rate.

17. By failing to pay overtime premium to Plaintiff and other Drivers for all hours worked over 40 in a week, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and Ohio Acts claims provisions.

## **COLLECTIVE/CLASS ACTION ALLEGATIONS**

18. Plaintiff brings his FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals employed by Defendants as Drivers within the past three years from the date of this filing.

19. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20. Plaintiff brings his Ohio Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals employed by Defendants as Drivers within the past three years from the date of this filing.

21. Class action treatment of Plaintiff's Ohio Acts claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

22. The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendants' standard payroll records and are so numerous that joinder of all class members is impracticable.

23. Plaintiff is a member of the class, his claims are typical of the claims of other

4

class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

24. Plaintiff and his counsel will fairly and adequately represent the class and their interests.

25. Questions of law and fact are common to the entire class, because, *inter alia*, this action concerns Defendants' companywide pay policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual members of the class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

27. All previous paragraphs are incorporated as though fully set forth herein.

28. Plaintiff and other Drivers are employees entitled to the FLSA's protections.

29. Defendants are employers covered by the FLSA and are required to comply with the FLSA's mandates.

30. The FLSA requires that covered employees be compensated for every hour worked in a workweek. See 29 U.S.C. § 206(b).

31. The FLSA requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for each hour worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

32. Plaintiff and other Drivers were not exempt from receiving FLSA overtime

benefits because, *inter alia*, they did not meet a recognizable exemption under the FLSA.

33. Defendants violated the FLSA by failing to pay Plaintiff and other Drivers overtime premium compensation for each hour worked over 40 in a workweek.

34. Defendants knew or should have known of the overtime payment requirement of the FLSA.

35. Throughout Plaintiff's and other Drivers' employment, Defendants have knowingly and willfully failed to pay the overtime wages that were due.

36. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, has committed a willful violation of the FLSA.

37. The exact total amount of compensation, including overtime compensation that Defendants have failed to pay Plaintiff and other Drivers is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

38. As a direct and proximate result of the Defendants' conduct, Plaintiff and other Drivers have suffered and continue to suffer damages in an amount not presently ascertainable. In addition, Plaintiff and other Drivers seek liquidated damages, interest and attorneys' fees, and all other remedies available, as a result of the Defendants' willful failure and refusal to pay overtime wages in violation of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
**(Alleging Ohio Acts Violations)**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. This claim is brought under Ohio Law.

41. Plaintiff and other Drivers are employees entitled to the protections of the Ohio Acts.

42. Defendants are employers covered by the Ohio Acts.

43. The OMFWSA requires that employees receive "time and one-half" overtime premium compensation for each hour worked over 40 per workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938.'" See Ohio Rev. Code Ann. § 4111.03(A), See also, 29 U.S.C. § 207(a)(1).

44. Plaintiff and other Drivers were not exempt from receiving Ohio Wage Act overtime benefits because, *inter alia*, they did not meet a recognizable exemption under the Ohio Wage Act or FLSA.

45. The OPPA requires that Defendants pay Plaintiff and other Drivers all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages caused by her during the last half of the preceding calendar month. See Ohio Rev. Code Ann. § 4113.15(A).

46. Defendants violated the OMFWSA by failing to pay Plaintiff and other Drivers overtime premium compensation for each hour worked over 40 in a week.

47. Plaintiff and other Drivers were also not paid all wages, including overtime wages at one and one-half times their regular rates, within thirty days of performing the work.

48. The wages of Plaintiff and other Drivers remain unpaid for more than thirty days beyond their regularly scheduled payday.

49. In violating the Ohio Acts, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages;

B. Prejudgment interest;

C. Liquidated damages;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Date: March 6, 2018
*/s/Robert E. DeRose*
Robert E. DeRose, Esq. (0055214)
Jason C. Cox, Esq. (0095169)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad Street
10th Floor
Columbus, OH  43215
Phone:  (614) 221-4221
Fax:  (614) 744-2300
Email:  bderose@barkanmeizlish.com
         jcox@barkanmeizlish.com


Peter Winebrake (*pro hac vice* admission anticipated)
R. Andrew Santillo
Mark J. Gottesfeld
**WINEBRAKE & SANTILLO, LLC**
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491
Fax: (215) 884-2492
Email: pwinebrake@winebrakelaw.com
        asantillo@winebrakelaw.com
        mgottesfeld@winebrakelaw.com