IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ALISA SMITH, individually and on behalf of all others similarly situated, | : : : | |
| *Plaintiffs* | : : | CASE NO. 1:18-cv-165-MRB |
| v. | : : | |
| UNIVERSAL TRANSPORTATION SYSTEMS, LLC, | : : : : | |
| *Defendant.* | : : : | |

## **ORDER**

**AND NOW**, this  13th  day of  March , 2023, upon consideration of Plaintiffs' "Unopposed Motion to Approve the Settlement with Defendant Universal Transportation Systems, LLC" ("Motion"), *see* Doc. 98, the accompanying "Collective Action Settlement Agreement," *see* Doc. 98-1, the accompanying Declaration of Mark Gottesfeld, *see* Doc. 98-2, the accompanying Declaration of Bob DeRose, *see* Doc. 98-3, the accompanying Memorandum of Law, *see* Doc. 99, and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement reached on behalf of Plaintiff Alisa Smith and 113 other opt-in plaintiffs[1] (together "Plaintiffs"), which includes a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, is **APPROVED**.

This Court generally reviews FLSA settlements to ensure that (i) "the settlement resolves a bona fide dispute under the FLSA"; and (ii) that the settlement is "fair, reasonable, and adequate." *Macknight v. Healthcare*, 2021 U.S. Dist. LEXIS 227262, *2 (S.D. Ohio March 4,

---

[1] These opt-ins are identified in Exhibit A to the Collective Action Settlement Agreement.

2021); *accord Dewald v. Time Warner Cable Inc.*, 2021 U.S. Dist. LEXIS 32459, *8 (S.D. Ohio Feb. 16, 2021). Here, the Court finds that each of these requirements is satisfied.

In addition, courts reviewing FLSA settlements must ensure that the attorney's fees and expenses sought to be recovered by Plaintiffs' counsel are reasonable. Here, the settlement provides Plaintiffs' counsel from Barkan Meizlish DeRose Cox, LLP and Winebrake & Santillo, LLC with a total payment of $127,340. After reducing this amount by $24,340 in expenses,[2] we are left with $103,000 allocated to Plaintiffs' counsel for all attorneys' fees, which constitutes approximately 32.77% of the $314,241 settlement fund. This fee is reasonable under the factors described in *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). Moreover, the fee's reasonableness is further confirmed because the requested fee award is significantly less than Plaintiffs' counsel's actual lodestar fairly attributable to the work performed by Plaintiffs' counsel in connection with the claims asserted against Defendant Universal Transportation Systems, LLC.

Finally, the Court finds that the requested $2,500 service award to Named Plaintiff Alisa Smith in view of her contributions to the instant litigation and settlement. The requested service award falls within the range of awards in other FLSA collective settlements. *See Neal v. Hallsons of Lebanon, Inc.*, 2022 U.S. Dist. LEXIS 42664, *5-8 (S.D. Ohio March 2, 2022) ($5,000 service award to named plaintiff); *Mullins v. Southern Ohio Pizza, Inc.,* 2019 U.S. Dist. LEXIS 11019, *16-17 (S.D. Ohio Jan. 18, 2019) ($10,000 service award to named plaintiff);

---

[2] As noted by Plaintiffs in their Motion, Plaintiffs' expenses, which total $24,340, have come in $1,184 lower than the $25,524 in expenses that was originally anticipated in the Settlement Agreement. *See* Doc. 98-1 at ¶ 2. Accordingly, under the terms of the Settlement Agreement, *see* Doc. 98-1 at ¶ 1 (defining "Payout Amount"), $1,184 shall be added to the $178,217 that is being allocated to the Plaintiffs. Thus, the "Net Settlement Amount" that is being allocated to the Plaintiffs is **$179,401.**

*Osman v. Grube, Inc.*, 2018 U.S. Dist. LEXIS 78222, *5 (N.D. Ohio May 4, 2018) ($7,500 service award to named plaintiff).

Accordingly, the settlement is **APPROVED** and the claims asserted in this action against Defendant Universal Transportation Systems, LLC are **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction concerning any disputes pertaining to the enforcement of the settlement.

**IT IS SO ORDERED**.

/s/ Michael R. Barrett
_____
JUDGE MICHAEL R. BARRETT